FILED

APR 0 2 2002

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE SUBPOENA TO<br>ERIC SWANSON<br><br>in the litigation<br>TDK Semiconductor Corp.<br>v.<br>Silicon Laboratories Inc.<br>(C.D. Cal - SACV 01-737 GLT) | A 02 CA 223 SS<br><br>Case No.: C.D. Cal – SACV 01-737 GLT<br><br>Misc: |

### ERIC SWANSON'S MOTION TO QUASH
### TDK'S SUBPOENA DUCES TECUM

Pursuant to Rule 45 (c)(3)(A) of the Federal Rules of Civil Procedure, Eric Swanson moves to quash the Subpoena Duces Tecum served on him by TDK Semiconductor Corp. ("TDK") on Monday evening, April 1, 2002. *See* Attachment A.

The April 1 subpoena seeks Mr. Swanson's deposition at 10:00 A.M. on Wednesday, April 3, 2002 and the inspection of Mr. Swanson's documents at the same time. This is the second subpoena that has been served on Mr. Swanson. The first subpoena requested that Mr. Swanson produce documents[1] and be available for deposition on March 13, 2002 at 10:00 A.M.

Mr. Swanson was not available for his deposition on March 13 because he had a pre-planned family vacation over Spring break and was not going to be in the

---

[1] On March 12, 2002, Mr. Swanson provided a written response and objection, pursuant Rule 45, Fed. Civ. R. P., to the document portion of the first subpoena.

04/02/2002 5:12 PM / 03452.011--[NY]835299.1

Austin area. Mr. Swanson's counsel informed TDK of this and TDK agreed that the deposition could be rescheduled. On March 19, 2002, after Mr. Swanson returned from his family vacation, Mr. Swanson's counsel wrote TDK's counsel a letter informing TDK that Mr. Swanson's deposition needed to be scheduled on a Saturday because Mr. Swanson worked during the week. Mr. Swanson's counsel also confirmed that Mr. Swanson was available for his deposition on April 27, 2002 (see *See* Attachment B). April 27 was the first available Saturday that accommodated both Mr. Swanson's and his counsel's schedules.

TDK apparently did not find the April 27 deposition date acceptable. TDK, however, never conferred with Mr. Swanson's counsel and, instead renoticed Mr. Swanson's deposition and issued a second subpoena for Mr. Swanson's deposition to go forward on Wednesday, April 3, 2002 (and reissued the identical document requests to the ones Mr. Swanson responded to on March 12, 2002). That second subpoena was not served on Mr. Swanson until the evening of April 1, 2002.

Counsel for Mr. Swanson called the Four Seasons Hotel (where Mr. Swanson's deposition was noticed) and discovered that TDK's counsel had cancelled the room reservation for the deposition on April 3, 2002. Mr. Swanson's counsel then conferred by telephone with TDK's counsel on April 2, 2002 and they were unable to resolve this issue. TDK's counsel indicated it would be necessary to file a motion to quash and also indicated that TDK was contemplating filing a motion for contempt against Mr. Swanson if he did not show up for his deposition on April 3, 2002. Consequently, this motion to quash is being filed to protect Mr. Swanson from being subject to any motion for contempt that TDK may file. Mr. Swanson remains available

and intends to sit for his deposition on April 27, 2002 and his documents may be inspected at that time as well.

Mr. Swanson is a non-party to the underlying *TDK Semiconductor* v. *Silicon Laboratories* action and should not be required to sit for his deposition at the convenience of TDK's counsel. Further, discovery in the underlying action does not close until July 5, 2002, therefore TDK has ample time to complete discovery. In addition, TDK's counsel will already be in Austin at a deposition of one of the parties, Silicon Laboratories, during April 23-25. Indeed, TDK noticed the Silicon Laboratories deposition *after* it had been provided with the April 27 availability of Mr. Swanson. Therefore, Mr. Swanson's deposition going forward on that Saturday will be convenient for TDK's counsel, as he will not require to make two trips to Austin to take both these depositions.

Mr. Swanson has responded to the document portion of the subpoena and has agreed to make documents available for inspection and has also agreed to sit for his deposition on April 27, 2002. Consequently, Mr. Swanson respectfully requests this Court to quash the subpoenas to Mr. Swanson.

Respectfully submitted,

Dated: April 2, 2002

By _____
Brian S. Greig
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Avenue
Austin, TX 78701
Tel: (512) 536-4510
Fax: (512) 536-4598

Laurence S. Rogers
Marta E. Gross
FISH & NEAVE
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 596-9000
Fax: (212) 596-9090

Attorneys for Eric Swanson

04/02/2002 5:18 PM / 03452.011--[NY]835299.1

4

## CERTIFICATE OF SERVICE

I certify that, on April 2, 2002, I served the foregoing ERIC SWANSON'S MOTION TO QUASH TDK'S SUBPOENA DUCES TECUM by causing a true copy of the same to be delivered by facsimile and U.S. Mail to plaintiff's attorneys of record as follows:

Gary A. Hecker
The Hecker Law Group
1925 Century Park East, Suite 2300
Los Angeles, CA  90067
*Attorney for TDK Semiconductor Corp.*

_____
Brian S. Greig

# ATTACHMENT A

Case 1:02-cv-00223-SS   Document 1   Filed 04/02/02   Page 7 of 12

Received 04/02/2002 17:0    01:12 on line [5] for BG00375 printed 04/0   02 17:12 * Pg 2/4
2002-04-02  18:07    From-FISH AND NEAUE                                          T-477  P 002/004  F-398

AO 88 (Rev.11-94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS

TDK SEMICONDUTOR CORP.

v.

SILICON LABORATORIES, INC.

SUBPOENA IN A CIVIL CASE

Case Number:¹ **MISC. (SACV 01737 GLT)**

(United States District Court -
Central District of California)

TO: ERIC SWANSON
    850 Jerrys Lane
    Buda, Texas

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Four Seasons Hotel, 98 San Jacinto Blvd., Austin, Texas | 4/03/02; 10:10 am. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

See Attachment "A"

| PLACE | DATE AND TIME |
| --- | --- |
| Four Seasons Hotel, 98 San Jacinto Blvd., Austin, Texas | 4/03/02; 10:00 am. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature]   (Attorney for Plaintiff) | 3/26/02 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

Gary A. Hecker, James M. Slominski, THE HECKER LAW GROUP, 1925 Century Park East, Los Angeles, Ca., 310-286-0377

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

¹ If action is pending in district other than district of issuance, state district under case number

Received 04/02/2002 17:0    01:12 on line [5] for BG00375 printed 04/_    _02 17:12 * Pg 3/4
2002-04-02   18:08    From-FISH AND NEAUE                                T-477   P 003/004   F-398

AO 88 (Rev.11-94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may, in order to attend trial, be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Case 1:02-cv-00223-SS   Document 1   Filed 04/02/02   Page 9 of 12
Received 04/02/2002 17:0    01:12 on line [5] for BG00375 printed 04/L   ,02  17:12 * Pg 4/4
2002-04-02   18:08   From-FISH AND NEAVE                                 T-477  P 004/004  F-398

## ATTACHMENT "A"

## SWANSON SUBPOENA

1.  All documents that contain, reflect, or refer to any communication with Silicon Laboratories, Inc.

2.  All documents that contain, reflect, or refer to any communication with Navdeep Sooch, David Welland, Jeffrey Scott, Russ Hershbarger, Eric Davies, or Michael Callahan.

3.  All documents that contain, reflect, or refer to any work done at Crystal Semiconductor regarding communicating a signal across a capacitive isolation barrier including, but not limited to, engineering notebooks and memoranda.

4.  All documents that contain, reflect, or refer to any work done at Crystal Semiconductor regarding sigma-delta or delta-sigma modulation including, but not limited to, engineering notebooks and memoranda.

5.  All documents that contain, reflect, or refer to the policy of Crystal Semiconductor regarding the confidentiality of its internal design and development data.

6.  All documents that contain, reflect, or refer to the policy of Crystal Semiconductor regarding the disclosure of its internal design and development data.

# ATTACHMENT B

| | | | | | | |
|---|---|---|---|---|---|---|
| Albert E Fey | Duane-David Hough | | A Peter Adler | Nicholas A. Tyacke | Rebecca B. Gibbs | Jung S. Hahm |
| Herbert F Schwartz | Mark D. Rowland* | | Thomas J. Vetter | Hiroyuki Hagiwara | Ray R. Zado** | Franciscus A. Ladejola-Diaba |
| Lars I Kulleseid | Edward J. DeFranco* | | Charles Quinn | Kristen J Keller | Joseph Richetti | |
| Eric C. Woglom | Eric R. Hubbard | | Lisa E Cristal | Renée Stasio** | Eric Sinn | Staci L. Julie |
| John E. Nathan | Kelsey I. Nix | | Gabrielle E. Higgins* | Kaede Toh | James Glass | Leslie F. Brown** |
| Robert C. Morgan* | William J. McCabe | | | Lisa A. Dixon | Vivek S. Suri | Jennifer S. Taff |
| Kenneth B. Herman | Marta E. Gross | | | Garry J. Tuma | Jonathan M. Kaplan | Zaira E. Juarez |
| Robert R. Jackson | John M. Hintz | | Donald K Reedy | Michael J. DeHaemer** | Dutch D. Chung | David G. Lindenbaum |
| Jesse J. Jenner | Richard A Inz | | James E Hopenfeld** | Ching-Lee Shen | Jeremiah Chan** | Jeffrey D Blake |
| W. Edward Bailey | Nicola A Pisano* | | Martin A Leroy | Sona De* | Gloria M. Fuentes | Christopher J. Place** |
| Patricia A. Martone | Frances M. Lynch | | Thomas P Burke | Eric Huang | Isabel C Jaen | Linda Rost** |
| James F. Haley, Jr. | Christopher J. Harnett | | Pablo D. Hendler | Aseem V. Mehta | Thomas O. O'Connor | Bryan J. Vogel |
| Richard M. Barnes | A. Joy Arnold | | Theresa A Moehlman | Joel Weiss | Michael Beck | Birch Harms |
| Laurence S Rogers | Steven C Cherny | | James P. Doyle | Paul B. Keller | Steven Y. Liu | Andrew Timothy Oliver |
| Vincent N. Palladino | Joseph M Guiliano | | Peter J Knudsen | Steven Pepe | Kripa Raman | Gail Katz |
| Robert J. Goldman* | Jeanne C. Curtis | | Brian C. Cannon** | Charles A. Krauss* | Krista M. Rycroft | Ling Zhong |
| Thomas L. Secrest | Gerald J. Flattmann, Jr. | | Andrew J. Hollander | Pejman Sharifi | Adel Aali** | Kristen L Fancher |
| Daniel M Gantt | Kevin P B. Johnson* | | Daniel M Becker** | John J. Molenda | Khue V Hoang** | Padmaja Chinta |
| Norman H. Beamer* | Terrence J. P Kearney* | | Annemarie Hassett | John J. Wright** | Lynnette Noblitt | Thomas D. Lyford |
| Kevin J. Culligan | Robert W. Morris | | Hallie Kostrinsky | Perry S. Clegg | Robert F. Bahrampour | Kevin Thomas Roddy |
| Glenn A. Ousterhout | Avinash S. Lele* | | Jennifer T. Weissman | Elinor K. Shin | Barak D Jolish** | Vinay V. Joshi** |
| Susan Progoff | Jane T Gunnison | | Daniel S Hulme | S. Craig Rochester | Stephen T. Straub | R. Gregg Bellomy** |
| Margaret A. Pierri | | | Patricia E Campbell** | Karen Mangasarian | Jeffrey D. Parnass | Ellen Scordino |
| Douglas J. Gilbert | Of Counsel | | Barbara A. Ruskin | Michael E. Shanahan | Manu J Tejwani | Hojin Chang |
| Denise L. Loring | | | Catherine Nyarady | Richard M. Feustel | Anthony A. Pastor | David Roise** |
| Jeffrey H. Ingerman | Kenneth A. Genoni | | Sasha G Rao | John P. Hanish | Heather L Jensen | Can Nguyen** |
| Mark H. Bloomberg | Hope Liebke | | Robert B Wilson | Bindu Donovan | Ted Chan** | James M. Lennon |
| Jane A. Massaro | Gene W. Lee | | Keith D Agisim | Anna Kobilansky | Sheila F. McShane | Lisa Sherrod** |

Frederick P. Fish 1855-1930   Charles Neave 1867-1937          *California and New York Bars   **California Bar Only

**MARTA E. GROSS**
DIRECT DIAL 212.596.9023
DIRECT FAX 646.728.2622
E-MAIL MGROSS@FISHNEAVE.COM

March 19, 2002

**BY FACSIMILE (CONFIRMATION COPY BY MAIL)**

James M. Slominski, Esq.
The Hecker Law Group
1925 Century Park East, Suite 2300
Los Angeles, CA   90067

*TDK Semiconductor v. Silicon Laboratories*

Dear Mr. Slominski:

    This is in response to your March 14, 2002 letter (received at our office after 10:30 P.M. New York time) regarding the depositions of Messrs. Callahan and Swanson.

    The threatening tone in your letter is entirely inappropriate given the previous nature of the communications between us regarding Messrs. Swanson and Callahan depositions.

    I wrote to Mr. Hecker on March 5, 2002, indicating that Fish & Neave was representing Messrs. Swanson and Callahan and that Mr. Callahan was away on a planned family vacation over spring break. I also specifically inquired as to whether it would be

FISH & NEAVE

James M. Slominski, Esq.
March 19, 2002
Page 2

necessary to move to quash or whether we could agree to reschedule the dates of the deposition. I received no response indicating that it would be necessary to move to quash, rather the question as to when Messrs. Swanson and Callahan were available for deposition.

In a telephone call with you on Wednesday morning, we discussed the issue of scheduling the depositions. I informed you that it appeared unlikely that we were going to be able to schedule Messrs. Callahan's and Swanson's depositions back to back because the schedules of these two gentlemen did not permit that. I also told you that Mr. Swanson had indicated that his deposition would go forward on a Saturday.

You told me that Gary Hecker wanted to discuss this and would call me later on Wednesday. Mr. Hecker did not call me on Wednesday. Nor did Mr. Hecker call me on Thursday. Instead, you sent a letter threatening to go to the Court to get an Order to Show Cause why Mr. Callahan and Mr. Swanson should not be held in contempt and demanding that their depositions go forward next week because Mr. Hecker does not want to make two trips to Austin.

As you already are aware, Mr. Swanson was away on vacation last week and I was unable to communicate with him regarding his deposition until yesterday. Mr. Swanson is available for his deposition on April 27, 2002. I anticipate that we will be able to produce Mr. Swanson's documents during the week of April 1, 2002.

Mr. Callahan has been traveling on business and I have not been able to finalize a deposition date. Although at this point we are aiming for April 5 or sometime the week of April 9. This depends on Mr. Callahan's schedule which is uncertain because of a pre-arranged meeting that is taking place either the week of April 1 or April 8. I will let you know the date as soon as it firms up. We expect that Mr. Callahan's documents will be produced during the week of March 25, 2002. I trust that TDK would like a copy of both Messrs. Swanson's and Callahan's documents and agrees to pay the copying costs.

Very truly yours,

Marta E. Gross

bcc:   Mr. Brad Fluke
       Richard D. Egan, Esq.
       Craig N. Hentschel, Esq.